# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

**ANDREA YARBRO,**

    **Plaintiff,**

                              Case No. 2:21-cv-2396

                              **JURY DEMANDED**

**v.**

**SAIA MOTOR FREIGHT LINE, LLC,**

    **Defendant.**

## COMPLAINT

Plaintiff, Andrea Yarbro, by and through counsel, files this Complaint against Defendant, SAIA Motor Freight Line, LLC ("SAIA"), for gender-based employment discrimination and retaliation.

### I.    PARTIES

1. Plaintiff, Andrea Yarbro, is an adult resident of Shelby County, Tennessee.

2. Upon information and belief, Defendant, SAIA, is a Louisiana company with its principal place of business in Johns Creek, Georgia. SAIA may be served with process through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919.

3. SAIA is an entity engaged in interstate commerce with more than fifteen employees, and, as such, is an employer for purposes of 42 U.S.C. § 2000e(b).

## II.    JURISDICTION AND VENUE

4. This employment discrimination and retaliation action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

5. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f)(3).

6. The Western District of Tennessee – Western Division is the appropriate venue for this action because Plaintiff Andrea Yarbro would be currently employed in Shelby County, Tennessee were it not for the unlawful employment practices of Saia and because the unlawful employment practices occurred in Shelby County, Tennessee.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has exhausted her administrative remedies.

8. Plaintiff was issued a Dismissal and Notice of Suit Rights on March 15, 2021, a copy of which is attached hereto as "Exhibit A".

9. This action is commenced within 90 days of receipt of the Dismissal and Notice of Suit Rights.

## III.    FACTS

10. SAIA is a trucking company that provides transportation services throughout the United States.

11. Plaintiff worked for SAIA as a sales executive from July 2016 until her termination on or about April 20, 2020.

12. As a sales executive, Plaintiff was responsible for accounts in Tennessee, Mississippi, Arkansas, and Louisiana.

13. Throughout her employment with SAIA, Plaintiff regularly received merit pay increases and excellent performance reviews.

14. In October 2019, David Dobrowski was hired as a Regional Sales Manager and became Plaintiff's direct supervisor.

15. Plaintiff has three school aged children.

16. In December 2019, Mr. Dobrowski became aware that Plaintiff was a working mom with young children.

17. Thereafter, Mr. Dobrowski began a campaign of harassment and intimidation directed at Plaintiff.

18. He repeatedly questioned whether she could work the required hours for her job and warned her to make sure she had accommodations for her children.

19. Mr. Dobrowski never questioned Plaintiff's male counterparts this way nor did he warn them regarding accommodations for their children.

20. He began subjecting her to greater scrutiny and more stringent standards than her male counterparts.

21. He began calling her constantly to track her location and determine the number of clients she had seen.

22. If Plaintiff missed a phone call from him, he would make comments like "I thought you might be at home with your feet kicked up."

23. For example, she was required to come into the physical office on certain days to call customers on preferred pricing whereas male team members were not.

24. While other male employees were given flexibility as to the time, they arrived due to family obligations, Plaintiff was told no such accommodations would be made for her.

25. Mr. Dobrowski frequently interrogated, belittled, and humiliated Plaintiff in front of co-workers and customers.

26. Her sales territories and accounts were substantially reduced, and her largest accounts were given to male employees.

27. In January and February 2020, Plaintiff contacted Human Resources Manager, Jim Scoggins, to report Mr. Dobrowski's sexist treatment and ongoing harassment.

28. Plaintiff told Mr. Scoggins that she believed she was being discriminated against because of her gender and because she is a working mom.

29. Within a week of having her accounts changed, Mr. Dowoski began criticizing Plaintiff's performance and threatening discipline.

30. Plaintiff contacted Human Resources Manager, Jim Scoggins, again regarding Mr. Dobrowski's unfair and discriminatory treatment of her.

31. She also informed Mr. Scoggins that she feared retaliation.

32. In March 2020, Plaintiff filed a charge of discrimination with the EEOC alleging sex/gender discrimination.

33. After the filing of her charge, Mr. Dowoski began calling Plaintiff's clients and interrogating them on her performance.

34. Two weeks later, Plaintiff was told that Mr. Dowoski was being transferred to Tampa and she would be transferred to the Atlanta region with her other team members.

35. A month later, Plaintiff was furloughed.

36. Plaintiff was the only member of her original team to be furloughed.

37. Two days later, she was terminated.

38. She was the only member of her original team to be terminated.

39. Plaintiff was furloughed and terminated because of her gender and in retaliation for complaining about gender discrimination and harassment.

## IV.     CAUSES OF ACTION

### Count One: Sex Discrimination

40. Plaintiff incorporates and re-alleges the foregoing allegations as if fully re-stated herein.

41. Plaintiff is a female and therefore a member of a protected class.

42. Plaintiff was qualified for her position as a sales executive.

43. Plaintiff was subject to an adverse employment action in that she her largest accounts were taken away from her and assigned to others, she was furloughed, and subsequently terminated.

44. Plaintiff was treated less favorably than similarly situated male employees.

45. As a direct, legal, and proximate result of Defendant's actions, Plaintiff suffered economic and emotional damages to be determined at trial.

### Count Two:  Retaliation

46. Plaintiff incorporates and re-alleges the foregoing allegations as if fully re-stated herein.

47. Plaintiff engaged in protected activity when she contracted Human Resources manager Jim Scoggins and informed him that she believed she was being discriminated against because of her gender and when she filed a charge of discrimination with the EEOC.

48. Plaintiff was furloughed and terminated because she engaged in protected activity.

49. As a direct, legal, and proximate result of Defendant's actions, Plaintiff suffered economic and emotional damages to be determined at trial.

## V.     TRIAL BY JURY REQUEST

50. Plaintiff respectfully requests a trial by jury.

## VI.     PRAYER FOR RELIEF

51. Plaintiff respectfully requests that the Court find Defendant discriminated against her because of her gender and retaliated against her in violation of 42 U.S.C. § 2000e-2 &2000e-3.

52. Plaintiff respectfully requests that this Court make Plaintiff whole by awarding damages in amounts to be determined at trial, with pre- and post-judgment interest, for lost wages and benefits resulting from Defendant's discriminatory and retaliatory conduct and for other consequential damages, including Plaintiff's emotional damages.

53. Plaintiff respectfully requests that the Court order reinstatement into a comparable position for Plaintiff or an award of front pay if reinstatement is determined to be impractical.

54. Plaintiff respectfully requests that the Court award punitive damages to Plaintiff for Defendant's malicious, intentional, and reckless conduct described above.

55. Plaintiff respectfully requests that the Court order Defendant to pay reasonable attorneys' fees and costs and such other relief as the Court deems necessary and proper and to grant such further relief as the Court may deem just and proper.

Respectfully submitted,

REAVES LAW FIRM, PLLC

/s/ Ashley C. Satterfield
Ashley Satterfield (TN # 030614)
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Phone: 901-701-1327
Fax: 901-328-1352
Ashley.satterfield@beyourvoice.com